**Angela Tese-Milner, Esq.**
**The Law Firm of Tese & Milner**
**735 Wickham Avenue**
**PO Box 35**
**Mattituck, New York 11952**
**(212) 475-3673**

*Attorneys for the Chapter 7 Trustee,*
*Angela Tese-Milner*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 29, 2019 |
| SOUTHERN DISTRICT OF NEW YORK | 10:00 p.m. |

_____X
In re:

    Phyllis R. Mials,                        Case No. 16-11337 (SHL)
                                                       Chapter 7 Case

                        Debtor.
_____X

**TRUSTEE'S MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF SETTLEMENT OF PERSONAL INJURY LAWSUITS, AND AUTHORIZATION OF FEES AND EXPENSES OF SPECIAL COUNSEL, AND PAYMENT OF THE EXEMPT AMOUNT TO THE DEBTOR, AND SETTING BAR DATE**
**<u>FOR FILING OF LIEN CLAIMS AGAINST THE SETTLEMENT PROCEEDS.</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Angela Tese-Milner, the Chapter 7 Trustee (hereinafter "**Trustee**") for the estate of

Phyllis R. Mials (hereinafter "**Debtor**"), by her attorneys, the Law Firm of Tese & Milner,

submits this motion (hereinafter "**Motion**"), pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure (hereinafter "**FRBP**") to approve 1) the settlement

(hereinafter "**Settlement**") of two personal injury Lawsuits (**hereinafter** "**Lawsuits**") for

injuries sustained by the Debtor in two separate auto accidents. and 2) authorization of the

fees in the amount of $63,666.83 and expenses in the amount of $8,999.51 submitted by

Trustee's Special Personal Injury Counsel, The Law Offices of Jason B. Kessler, P.C., and to pay the liens in the amounts of $2,015.39 and $3,811.43 of Medical Alliance, and 3) authorization to pay to the Debtor the exempt amount $36,775.00 4) setting a bar date of 8/29/2019 for the filing of lien claims against the Settlement Proceeds. In support of the Application, the Trustee respectfully represents as follows:

## BACKGROUND

1. On or about March 10, 2016 (hereinafter "**Petition Date**"), the Debtor filed a voluntary petition (hereinafter "**Petition**") under Chapter 7 of Title 11 of the United States Code (hereinafter "**Bankruptcy Code**"). Following a Section 341 meeting, held on September 16, 2016, Angela Tese-Milner became the permanent Trustee.

2. At the Section 341 meeting, the Debtor advised the Trustee that she was the plaintiff in the Lawsuits. The first lawsuit is entitled *Phyllis Mials, et al. v. Sue A. Deland and VW Credit Leasing.*, Index No. 2076412016E. The second lawsuit is entitled *Phyllis Mials v. Robert E. McQueen, et al. Index No.* 20763/16. Both Lawsuits were commenced in the pre-petition period by the Debtor, in the Supreme Court for the State of New York, Bronx County, for damages arising from serious injuries that the Debtor sustained when she was injured in auto accidents, ("**Lawsuits**"),

3. The injuries that the Debtor suffered required surgical intervention, and similar injuries were sustained in both accidents. By vigorous prosecution of the Lawsuits, Special Litigation Counsel was able to recover 100% of available insurance proceeds and creditors will be paid in 100% with interest.

4. By order signed and entered on March 15, 2017, *ECF No. 19*, the Trustee retained The Law Offices of Jason B. Kessler, P.C. (hereinafter "**Law Firm**"), as special litigation

2

counsel to the Trustee to represent the interests of the estate. The Law Firm filed a motion with New York State Supreme Court to substitute the Trustee as plaintiff in the Lawsuits. Special Counsel has informed the Trustee that it prosecuted the Lawsuits in a summary jury trial and achieved a verdict of $335,000.00 which was settled in the amount of $200,000.00 which represents 100% of the available insurance coverage (hereinafter "**Settlement Proceeds**"). The result avoids an appeal and represents the maximum that the Debtor would be likely to collect.

5. The Debtor claimed a $36,775.00 exemption for the Lawsuits. In addition, the there are liens against the Settlement Proceeds in favor of Medical Alliance in the amounts of $2,015.39 and $3,811.43. The Debtor has received a notice of an unliquidated contingent lien against the Settlement Proceeds from the Railroad Retirement Fund Attn: George Krause, Claims Adjuster, which was never presented to the Trustee or filed with the Court. See, Exhibit "A" annexed hereto. The bar date for filing proofs of claim expired on 3/10/2018. Claims in the amount of $7,576.64 have been filed against the Debtor. The Trustee requests that the Court set a bar date of August 29, 2019 for the filing any lien claim against the Settlement Proceeds. The Trustee intends to Notice any known lien claimant of the motion herein, thus giving any such claimant 45 days' notice of bar date.

6. In addition, Special Counsel seeks a 33 1/3% contingency fee in the amount of in the amount of $63,666.83 and expenses in the amount of $8,999.51.

**RELIEF REQUESTED**

7. By this Motion, the Trustee seeks authorization pursuant to *FRBP Rule 9019* to enter into the Settlement of the Lawsuits in the amount of $200,000.00, and to pay the fees and expenses of the Law Firm, and to pay the Debtor the exempt amount of $36,775.00.  The Settlement, which the Trustee believes is in the best interests of the estate, is subject to the authorization of the Trustee and Court.

**THE RELIEF REQUESTED SHOULD BE APPROVED**

8. In evaluating whether to approve a compromise or settlement, courts have considered seven factors, popularly termed the "Iridium Factors", See, *Motorola, Inc. v.: Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452,462 (2n**d** Cir 2007) (citing *Worldcom, Inc*., 347 B.R. 123, 137 (Bankr. S.D.N.Y.2006) including (a) the probability of success in the litigation; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable view of the settlement being considered. *See Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir. 1929); *see also In re Crowther McCall Pattern, Inc.*, 120 B.R. 279 (Bankr. S.D.N.Y. 1985); *In re Masters, Inc.*, 149 B.R. 289 (Bankr. E.D.N.Y. 1992). As a result of the Settlement, creditors will be paid in full, with interest, and the Debtor will receive a substantial surplus.  The Debtor is in favor of the Settlement.  The Court is not "to decide the numerous questions of law and fact raised by the settlement but rather to canvas the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Ana-Conda-Ericsson, Inc. v. Hessen, (In re Teletronics Services, Inc*.),

4

762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). In the instant case, the recovery of the Personal Injury proceeds would not have been accomplished were it not for the efforts of the Trustee and the professionals retained by the Trustee.

9. In the exercise of her business judgment the Trustee believes that the terms of the Settlement are reasonable. Accordingly, the Trustee believes that the Settlement of the Summary Trial is in the best interests of the Debtor's creditors and should be approved.

## NO PRIOR REQUEST

10. The relief requested herein has not been previously sought before this or any other Court.

## NOTICE

11. A copy of the notice of hearing (hereinafter "**Notice**") and Motion, along with the attachment thereto, has been served upon Andrea B. Schwartz, Esq., Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014; attorney for the Debtor, Law Offices of Georgette Miller & Associates, 335 Evesham Avenue, Lawnside, NJ, 08045; the Railroad Retirement Board, Attn: George Krause, Claims Adjuster, 844 North Rush Street, Chicago, Ill. 60611-2012; The Law Offices of Jason B. Kessler, P.C., 55 Church Street, Suite 201, White Plains, N.Y. 10601; Medical Alliance, Office of the United States Attorney, 86 Chambers Street, New York, New York ; Medicare at MSPRC,P.O. Box 33828,Detroit, Mi., 48232-3828,and a copy of the Notice has been mailed to all known creditors of the Debtors.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court approve the

Settlement of the Lawsuits, authorize the Trustee to allow the fees and expenses of Special Litigation Counsel, and payment of the exempt amount to the Debtor, and setting a bar date of August 29, 2019 for the filing of any lien claim against the Settlement Proceeds, and granting such other relief as is just and proper.

Dated:  New York, New York
       June 21, 2019                            The Law Firm Tese & Milner
                                         *Counsel for the Chapter 7 Trustee*

                                           /s/ Angela Tese-Milner
                                         Angela Tese-Milner, Esq.
                                         **735 Wickham Avenue, PO Box 35**
                                         **Mattituck, New York 11952**